{¶ 19} I reluctantly concur in judgment in this case, but not in the reasoning used by the majority opinion. This case presents yet another example of the difficulties a prosecutor faces when attempting to follow through on a domestic violence complaint after the victim or victims recant their original statements. The majority appears to conclude that pushing and shoving a family member, dragging a family member out of a house, threatening children with a board to force them out into the cold January weather, and then locking the door behind them, does not constitute domestic violence. I do not believe that the circumstances of this case allow us to draw such a conclusion, and we certainly should not be giving the impression for future cases that this sort of behavior cannot be prosecuted as domestic violence. The difficulty in this case is that nearly all the evidence that could be used to prove that Appellant did, "knowingly cause or attempt to cause physical harm," as set forth in the domestic violence statute, was derived from the recanted statement of Ms. Aultenburg. There was really no other evidence that supported the facts presented in the recanted statement, while four witnesses (the defendant, his girlfriend, and their two children) contradicted the content of the recanted statement. We are left with a situation similar to that in State v.Attaway (1996), 111 Ohio App.3d 488, 676 N.E.2d 600:
 {¶ 20} "We note that the record is bereft of any extrinsic corroborating evidence from which to conclude that [the victim's] statement to the arresting officer was more credible than her recantation under oath. * * * [T]he credibility of [the victim's] first statement, which is otherwise uncorroborated and completely contradicted by her sworn testimony at trial, is so inherently suspect that the statement is insufficient as a matter of law to establish [the defendant's] guilt beyond a reasonable doubt." Id. at 491. Because the record is entirely devoid of any corroborating evidence to support Ms. Aultenburg's recanted statement, we need not examine the allegations in that recanted statement any further, much less draw any conclusions for future cases as to what type of behavior may or may not qualify as domestic violence. I would simply reverse the trial court's verdict on the basis of insufficient evidence, and limit our holding to the facts and circumstances presented in this case. Therefore, I must concur in judgment only.